**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court."
Although it is posted on the internet, this opinion is binding only on the
parties in the case and its use in other cases is limited. R.1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0350-15T1

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

ENZO R. PENA,

    Defendant-Appellant.

_____

Submitted June 6, 2017 — Decided June 27, 2017

Before Judges Reisner and Rothstadt.

On appeal from the Superior Court of New Jersey, Law Division, Ocean County, Indictment No. 13-04-1041.

Joseph E. Krakora, Public Defender, attorney for appellant (Al Glimis, Assistant Deputy Public Defender, and Cody T. Mason, Assistant Deputy Public Defender, of counsel and on the briefs).

Joseph D. Coronato, Ocean County Prosecutor, attorney for respondent (John C. Tassini, Assistant Prosecutor, and Samuel Marzarella, Chief Appellate Attorney, on the brief).

Appellant filed a pro se supplemental brief.

PER CURIAM

Defendant Enzo R. Pena pled guilty to first-degree leading a narcotics network, N.J.S.A. 2C:35-3, second-degree possession of a firearm for an unlawful purpose, N.J.S.A. 2C:39-4(a); and five counts of second-degree employing a juvenile to distribute drugs, N.J.S.A. 2C:35-6. He was sentenced to an aggregate term of thirty years in prison, ten years to be served without parole. He appeals from the conviction, limited to the denial of his suppression motion.

Defendant's counseled brief presents the following point of argument:

> THE COURT'S ORDER DENYING SUPPRESSION OF EVIDENCE SEIZED IN VIOLATION OF THE FOURTH AMENDMENT AND THE NEW JERSEY STATE CONSTITUTIONS SHOULD BE REVERSED.

Defendant also filed a pro se supplemental brief which does not present any points of argument, but which also contends that the suppression motion should have been granted.[1]

Having reviewed the record in light of the applicable standards, we find that defendant's counseled and pro se appellate arguments are without sufficient merit to warrant discussion in a

---

[1] To the extent that defendant's pro se brief implies that he received ineffective assistance of counsel, we decline to address the issue. Any such claims may be raised in a petition for post-conviction relief. State v. Preciose, 129 N.J. 451, 460 (1992); State v. Sparano, 249 N.J. Super. 411, 419 (App. Div. 1991).

written opinion. R. 2:11-3(e)(2). We affirm for the reasons stated by Judge Rochelle Gizinski in her thorough oral opinion placed on the record on May 9, 2014. We add these brief comments.

The affidavit supporting the warrant application was based on detailed information, including: citizen complaints about defendant's drug selling activities; two controlled buys carried out by a confidential informant; and recent reports from two individuals who sought police protection because defendant had threatened to kill them during a disagreement over drug sales. Those individuals described to the police defendant's drug dealing activities in detail. One of the individuals, a juvenile, also showed the police a text message, sent from defendant's known cell phone number, threatening to torture and kill the juvenile and his family. We agree with Judge Gizinski that, based on the totality of the circumstances, there was probable cause to issue a warrant authorizing the police to install a Global Positioning Satellite (GPS) tracking device on defendant's car. See State v. Keyes, 184 N.J. 541, 556-57 (2005).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-0350-15T1